# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYVONTA IRVIN, | Case No. CV 19-1418-AG (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| ROLDAN, | |
| Defendants. | |

## I.
## **INTRODUCTION**

Plaintiff Layvonta Irvin ("Irvin"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his First and Eighth Amendment rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **ALLEGATIONS IN THE COMPLAINT**

On January 31, 2019, Irvin, who is currently incarcerated at Mule Creek State Prison, constructively filed[1] a Complaint against defendant Roldan ("Roldan"), a

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

correctional officer at California State Prison – Los Angeles County ("CSP-LAC"), in his individual and official capacities. ECF Docket No. ("Dkt.") 1. Irvin alleges that from October through December 2015, while he was housed at CSP-LAC, Irvin was harassed by Roldan for taking too long to return to his cell after yard, groups, and passes. Id. at 3. Irvin alleges Roldan retaliated against him by "deliberately falsif[ying] statements" connecting Irvin to a battery on another inmate. Id. As a result, Irvin spent 24 months in solitary confinement. Id. After a "court trial" in February 2017, Irvin was found not guilty of the battery. Id.

Irvin alleges Roldan's actions violated his First and Eighth Amendment rights.[2] Dkt. 1 at 3-4. Irvin seeks compensatory and punitive damages in addition to an injunction "preventing [Roldan] from any further retaliation." Id. at 9.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is a prisoner and proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915A and 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for

---

omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] While Irvin's First and Eighth Amendment claims are subject to dismissal as discussed below, it is unclear whether he could state a Fourteenth Amendment due process claim based on the allegation that Roldan made deliberately false statements in a criminal proceeding. See Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1115 (9th Cir. 2010) (holding deliberately falsifying evidence, including false evidentiary statements in a supporting declaration, violates constitutional due process rights where it results in the deprivation of liberty or property interests, be it in a criminal or civil proceeding).

2

screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

1 | If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE ELEVENTH AMENDMENT BARS CLAIMS FOR MONETARY DAMAGES AGAINST ROLDAN IN HIS OFFICIAL CAPACITY

#### 1. Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908).

#### 2. Analysis

Here, the Eleventh Amendment bars Irvin from pursuing claims that seek monetary relief against Roldan, a state employee, in his official capacity. See

Kentucky v. Graham, 473 U.S. at 169–70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity"). Thus, Irvin is barred from bringing claims for monetary damages against Roldan in his official capacity.

**B.   THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT CLAIM FOR RETALIATION**

   **1.   Applicable Law**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in constitutionally protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

   **2.   Analysis**

Here, Irvin appears to allege he was retaliated against because he "took too long returning to his cell." Dkt. 1 at 3. However, Irvin has not described any constitutionally protected conduct that was allegedly retaliated against, nor is there any allegation that Roldan was motivated by any protected conduct. See Pratt, 65 F.3d at 807 (a prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right). Conduct protected by the First Amendment in the prison context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), giving legal assistance to other inmates, Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Nothing alleged herein falls within the realm of such cases. In addition, Irvin has failed to allege his conduct was

chilled by the alleged retaliation. Therefore, Irvin's First Amendment claim for retaliation is subject to dismissal.

**C.     THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM**

   **1.     Applicable Law**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38; see May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (rejecting plaintiff's claims disciplinary segregation violated the Eighth Amendment because plaintiff "failed to allege facts establishing the deprivation of adequate food, drinking water, sanitation, or personal hygiene items").

///

///

**2. Analysis**

Here, Irvin's claim for violation of the Eighth Amendment appears to be based on his 24 months spent in solitary confinement. Dkt. 1 at 3. However, a term of 24 months in solitary confinement, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. See Anderson v. Cty. of Kern, 45 F.3d 1310, 1315-16 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995) (finding "[a]n indeterminate sentence in administrative segregation, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment"). Nothing alleged herein demonstrates Irvin's time in solitary confinement was an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. See Osolinski, 92 F.3d at 938. Further, Irvin offers no facts showing Roldan acted while knowing of and disregarding an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837-38. Therefore, Irvin's Eighth Amendment claim is subject to dismissal.

# V.

# **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for

failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty.

8

of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: March 12, 2019

_Kenly_

HONORABLE KENLY KIYA KATO
United States Magistrate Judge