UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYVONTA IRVIN,<br><br>          Plaintiff,<br><br>          v.<br><br>ROLDAN,<br><br>          Defendants. | Case No. CV 19-1418-AG (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Layvonta Irvin ("Irvin"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his First and Eighth Amendment rights. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

## II.
## **BACKGROUND**

### A. COMPLAINT

On January 31, 2019, Irvin, who is currently incarcerated at Mule Creek State Prison, constructively filed[1] a Complaint against defendant Roldan ("Roldan"), a

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

correctional officer at California State Prison – Los Angeles County ("CSP-LAC"), in his individual and official capacities. ECF Docket No. ("Dkt.") 1. Irvin alleged that from October through December 2015, while he was housed at CSP-LAC, Irvin was harassed by Roldan for taking too long to return to his cell after yard, groups, and passes. Id. at 3. Irvin alleged Roldan retaliated against him by "deliberately falsif[ying] statements" connecting Irvin to a battery on another inmate. Id. As a result, Irvin spent 24 months in solitary confinement. Id. After a "court trial" in February 2017, Irvin was found not guilty of the battery. Id.

Irvin alleged Roldan's actions violated his First and Eighth Amendment rights. Dkt. 1 at 3-4. Irvin sought compensatory and punitive damages in addition to an injunction "preventing [Roldan] from any further retaliation." Id. at 9.

On March 12, 2019, the Court dismissed the Complaint with leave to amend. Dkt. 8.

**B.  FIRST AMENDED COMPLAINT**

On March 23, 2019, Irvin constructively filed the instant FAC against Roldan in his individual capacity. Dkt. 9. The FAC again alleges Roldan violated Irvin's First and Eighth Amendment rights. Id.

Irvin again alleges around October through December 2015 Roldan began verbally harassing Irvin for not returning to his cell quickly enough after groups and medical passes. Dkt. 9 at 5. Irvin threatened to report Roldan for the harassment, but Roldan said there would be consequences for even talking about reporting him. Id. at 5-6. Therefore, rather than reporting Roldan, Irvin attempted to apologize to him. Id. at 6. However, Roldan said he preferred to make an example of Irvin and that Irvin should never have mentioned filing a report. Id.

On December 23, 2015, an inmate was battered and Roldan filed a false report connecting Irvin to the battery "with the intent to have [Irvin] unlawfully charged

---

omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

with a crime and wrongfully convicted." Id. While awaiting trial where Irvin alleges he faced a possible life sentence, Irvin was housed in the segregated housing unit ("SHU") for 24 months. Id. at 6-7. Irvin alleges during his term in SHU he lost all of his privileges, including phone calls, contact visits, packages, canteen, and personal property. Id. at 7. At the trial, Irvin was found not guilty of the battery. Id.

Irvin alleges his First Amendment rights were violated when Roldan filed a false report connecting Irvin to the battery on another inmate because Irvin threatened to file a grievance against Roldan. Dkt. 9 at 7. Irvin alleges his Eighth Amendment rights were violated because Roldan intentionally filed a false report thereby subjecting Irvin to a 24-month SHU term where he lost contact visits with family and phone calls and forcing him to defend himself in a trial where he faced a life sentence. Id. at 7-8. Irvin seeks compensatory and punitive damages as well as an injunction preventing Roldan and California Department of Corrections and Rehabilitation from any further retaliation. Id. at 9.

### III.

### STANDARD OF REVIEW

Where a plaintiff is a prisoner and proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the

4

| | |
|---|---|
| 1 | plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 |
| 2 | (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot |
| 3 | be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 |
| 4 | F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). |

## IV.

## DISCUSSION

### THE FAC FAILS TO STATE AN EIGHTH AMENDMENT CLAIM

### A. APPLICABLE LAW

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm.  Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).  The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm.  Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837-38; see May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (rejecting plaintiff's claims disciplinary segregation violated the Eighth Amendment because plaintiff "failed to

allege facts establishing the deprivation of adequate food, drinking water, sanitation, or personal hygiene items").

**B.     ANALYSIS**

Here, Irvin's claim for violation of the Eighth Amendment is primarily based on his 24 months spent in SHU. Dkt. 9 at 7-8. However, a term of 24 months in SHU, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. See Anderson v. Cty. of Kern, 45 F.3d 1310, 1315-16 (9th Cir.), amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995) (finding "[a]n indeterminate sentence in administrative segregation, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment"). Irvin's allegations that he lost his family contact and phone call privileges as a result of the SHU placement, Dkt. 9 at 7-8, do not rise to the level of cruel and unusual punishment. See Throop v. Sec'y of Corr., No. 08-CV-2109-MMA (CAB), 2010 WL 3418353, at *7 (S.D. Cal. Aug. 27, 2010) (dismissing Eighth Amendment claim with leave to amend where plaintiff alleged SHU placement resulted in denial of privileges afforded to inmates housed in general population). Nothing alleged herein demonstrates Irvin's time in SHU was an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Compare Osolinski, 92 F.3d at 938 with Jordan v. Fitzharris, 257 F. Supp. 674, 676-83 (N.D. Cal. Sept. 6, 1966) (holding defendants violated the Eighth Amendment where they housed plaintiff for twelve consecutive days in solitary confinement in a cell six feet by eight feet in dimension, with no furnishings except a toilet, no interior source of light, and which was not cleaned regularly and did not contain any means for plaintiff to clean himself). Further, Irvin offers no facts showing Roldan acted while knowing of and disregarding an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837-38. Therefore, Irvin's Eighth Amendment claim is subject to dismissal.

///

# V.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

///
///
///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: April 18, 2019

/s/ Kenly Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge